IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02421-GPG

PAUL R. VIGIL,

       Plaintiff,

v.

PAUL TAURIELLO, Director of the Colorado Division of Worker's Compensation,
LAWRENCE BARTON GOLDMAN, M.D. Rehabilitation Associated of Colorado, P.C.,
      and in His Individual Capacity,
BILL DUNN, Sr. JE Dunn Construction Company and in His Individual Capacity,
PHIL KALIN, as President and CEO of Pinnacol Insurance, and in His Individual
      Capacity,
ALEXANDRA E. COLEMAN, Esq. of Ruegsegger Simmons Smith & Stern, LLC, and in
      Her Individual Capacity,

       Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

---

      Plaintiff, Paul R. Vigil, resides in Denver, Colorado.  Mr. Vigil initiated this action by filing, *pro se*, a Complaint (ECF No. 1).  He filed an Amended Complaint upon his own initiative on November 9, 2015 (ECF No. 10).  Mr. Vigil has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      The Court construes the Complaint liberally because Mr. Vigil is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be directed to file a Second Amended Complaint.

## I. The Amended Complaint

The allegations of the Amended Complaint are difficult to certain and refer largely to exhibits.  However, the Court discerns the following facts.  Plaintiff was injured at his job on October 11, 2008 while performing work-related duties and was hospitalized for several weeks.  He filed a claim for worker's compensation benefits.  The exhibits to the Complaint indicate that a worker's compensation hearing was held before an administrative law judge (ALJ) on September 25, 2013.  (*Id.* at 54).  Plaintiff asserts that the Defendants conspired to violate his due process rights by submitting fraudulent documents in his worker's compensation hearing, including the worker injury report written by Defendant Lawrence Barton Goldman, M.D., as well written statements made by Defendant Alexandra Coleman, and representatives of Pinnacol Assurance and J.D. Dunn Construction Company.  In a February 11, 2014 decision, the ALJ concluded that Plaintiff "failed to overcome the Division IME's opinion."  (*Id.* at 38).  The Industrial Claim Appeals Office upheld the ALJ's order on May 28, 2014, as did the Colorado Court of Appeals on March 16, 2015.  (*Id.* at 38).  Plaintiff thereafter filed a petition for writ of certiorari with the Colorado Supreme Court, which was denied in October 2015. (*Id.* at 38-39; *see also id.* at 43).   Mr. Vigil contends in the Amended Complaint that the decision in his worker's compensation case was "erroneous, not supported by substantial evidence in the record, and contrary to law." (*Id.* at 35). He also makes a conclusory assertion that the Defendants violated his rights under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.   (*Id.* at 2).

The exhibits to the Amended Complaint also reflect that a criminal worker's compensation fraud case was initiated against Plaintiff in the District Court for the City

and County of Denver, which was dismissed upon the prosecutor's motion in March, 2012. (*Id.* at 50, 53). Mr. Vigil makes a conclusory assertion that he was prosecuted maliciously. (*Id.* at 1). Plaintiff seeks monetary relief for all of his claims.

## II. Analysis

### A. Subject Matter Jurisdiction

The issue of subject matter jurisdiction may be raised *sua sponte* by the court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Review of the state court judgment must proceed to the state's highest court and then to the

3

United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See Facio v. Jones*, 929

F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state

court judgments; it also bars cases that are "inextricably intertwined" with a prior state

court judgment.  *See Feldman*, 460 U.S. at 482 n.16.  "To determine whether a federal

plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must

pay close attention to the relief the plaintiff seeks."  *Crutchfield v. Countrywide Home*

*Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by*

*Exxon Mobil Corp.*, 544 U.S. 280.  "Where a plaintiff seeks a remedy that would disrupt

or undo a state court judgment, the federal claim is inextricably intertwined with the

state court judgment."  *Crutchfield*, 389 F.3d at 1148.  Furthermore, the *Rooker-*

*Feldman* doctrine "precludes not only review of adjudications of the state's highest

court, but also the decisions of its lower courts."  *See Jordahl v. Democratic Party of*

*Va.*, 122 F.3d 192, 199 (4th Cir. 1997).  In addition, the *Rooker–Feldman* doctrine

applies to claims brought pursuant to 42 U.S.C. § 1983 that allege injury due to a state

administrative ruling that has been upheld by a state court. *See Pretlow v. McPherson*,

No. 12-6122, 497 F. App'x 846, 847-48 (10th Cir. Sept. 27, 2012) (unpublished).

Mr. Vigil asks this Court to conclude that the ALJ's decision in his state worker's

compensation proceeding was erroneous and contrary to law.  Plaintiff seeks monetary

compensation for what he claims was an improper decision, based on fraudulent

evidence, in violation of his due process rights.  For Plaintiff to prevail on his claims, this

Court would have to review, and ultimately reject, the ALJ's decision.  The ALJ's

decision is final under Colorado law because it has been upheld by the state appellate

courts and the Colorado Supreme Court has denied Mr. Vigil's petition for certiorari review.   The Court finds that Plaintiff's claims challenging a final order issued in a Colorado worker's compensation proceeding are subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.  *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005); *see also Kemper v. Indust. Claim Appeals Office of Co.*, No. 03-1326, 83 F. App'x 290 (10th Cir. Dec. 12, 2003) (unpublished) (applying *Rooker-Feldman* doctrine to complaint seeking review of state worker's compensation order).

### B.   ADA claim

Mr. Vigil makes a conclusory assertion that the Defendants discriminated against him in violation of Title II of the ADA.

Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  42 U.S.C. § 12132.  The Act defines a "public entity" as any State or local government, department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority.  42 U.S.C. § 12131(1) (emphasis added).

Plaintiff cannot maintain an ADA claim against any of the individual defendants in their individual capacities because the statute does not impose individual liability.  *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).

Further, to the extent Mr. Vigil is suing Defendant Paul Tauriello, in his official

capacity as the Director of the Colorado Division of Worker's Compensation,[1] Plaintiff cannot maintain a claim against the Colorado agency under Title II of the ADA.  To state a claim under Title II, a plaintiff must allege facts to show that (1) "he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability."  *See Robertson v. Las Animas Cnty. Sheriff's Dept*, 500 F.3d 1185, 1193 (10th Cir. 2007).  In this case, any claim challenging the denial of worker's compensation benefits would be nothing more than an improper attempt to make an end run around the jurisdictional bar of the *Rooker-Feldman* doctrine.

Moreover, if Plaintiff is attempting to assert a claim against his employer, JE Dunn Construction Company, pursuant to Title I of the ADA, 42 U.S.C. §§ 12101-12213, the Amended Complaint fails to state an arguable claim for relief.

Title I of the ADA prohibits employers from discriminating against "a qualified individual on the basis of disability."  42 U.S.C. § 12112(a).  "To establish a prima facie case of discrimination under the ADA, an employee must show: (1) []he is disabled within the meaning of the ADA; (2) []he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) []he was discriminated against because of [his] disability." *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1118 (10th Cir. 2004).  A qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable

---

[1] A claim asserted against a government officer or employee in his official capacity is construed as a claim against the governmental entity.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

A claimant seeking relief under the Title I of the ADA must first file a charge of discrimination with the Equal Employment Opportunity Commission. *See Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007). The claimant thereafter has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC. *See* 42 U.S.C. § 12117(a); *see also* 42 U.S.C. § 2000e-5(f)(1) (same).

Mr. Vigil does not allege any facts to support a claim against his employer, JE Dunn Construction Company, under Title I of the ADA, nor is that entity named as a Defendant. However, because Mr. Vigil may now be time-barred from initiating a new civil action under Title I of the ADA, he will be afforded an opportunity to file a Second Amended Complaint to state a disability discrimination claim against JE Dunn Construction Company.

### C. Malicious Prosecution Claim

Mr. Vigil makes a conclusory assertion that he was subject to a malicious prosecution. Presumably, he is referring to the criminal action filed against him in the Denver District Court, for worker's compensation fraud, which was dismissed based on the prosecutor's motion.

### 1. failure to state an arguable claim for relief

Mr. Vigil does not state an arguable § 1983 malicious prosecution claim against any of the Defendants because all of them, save for Defendant Paul Taurillo, are private actors. Section 1983 provides a remedy for the deprivation of a right secured by the Constitution or federal statute, committed under color of state law. *See Am. Mfrs. Mut.*

7

*Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Id.* at 50 (quotation marks omitted).

Private conduct constitutes state action only if it "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  While state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)).  "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).  A § 1983 plaintiff must allege more than conclusory allegations of a conspiracy between state actors and private defendants.  *See Beedle v. Wilson,* 422 F.3d 1059, 1073 (10th Cir. 2005) (holding conclusory allegation of conspiracy with state actors insufficient to extend § 1983 liability to private defendant); *Hunt v. Bennett,* 17 F.3d 1263, 1268 (10th Cir.1994) (same).  And, "private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983."  *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir.1983).

To state a § 1983 malicious prosecution claim, a plaintiff must allege specific facts to show that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable

cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *see also Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007) (outlining same elements of state law malicious prosecution claim).

The Amended Complaint is deficient because Mr. Vigil does not allege specific facts to show that any of the private individual Defendants acted jointly with one or more state actors to cause the state criminal prosecution.

Furthermore, Plaintiff does not allege any specific facts to show that Paul Tauriello, in his individual capacity as the Director of the Colorado Division of Worker's Compensation, was personally involved in Plaintiff's state criminal prosecution. Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations and quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that a supervisor can only be held liable for his or her own deliberate intentional acts).

And, finally, to the extent Mr. Vigil sues Defendant Tauriello in his official capacity, which is construed as a claim against the State of Colorado, the § 1983 claim is barred by the Eleventh Amendment. *See generally Kentucky v.* Graham, 473 U.S. 159, 167-70 (1985); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (recognizing that the Eleventh Amendment precludes official-capacity suits for damages against state officials).  Congress did not abrogate Eleventh Amendment

immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  The

Eleventh Amendment prohibits suit against a state entity, regardless of the relief sought.

*See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003).

### 2.  statute of limitations

The § 1983 malicious prosecution claim is also deficient because it appears to be

barred by the applicable statute of limitations.  The statute of limitations is an affirmative

defense.  *See* Fed. R. Civ. P. 8(c)(1).  However, the court may dismiss a claim *sua*

*sponte* on the basis of an affirmative defense if the defense is "obvious from the face of

the complaint" and "[n]o further factual record [is] required to be developed in order for

the court to assess the [plaintiff's] chances of success."  *Yellen v. Cooper*, 828 F.2d

1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir.

1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is

permitted "when the claim's factual backdrop clearly beckons the defense").

The applicable statute of limitations for a § 1983 claim in Colorado is two years.

*See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993).  The statute of

limitations begins to run when a claim accrues.  A § 1983 malicious prosecution claim

accrues when the underlying criminal proceeding has terminated in the plaintiff's favor.

*See Myers v. Koopman,* 738 F.3d 1190, 1194 (10th Cir. 2013); *Mondragon v.*

*Thompson*, 19 F.3d 1078, 1083 (10th Cir. 2008).  The attachments to the Amended

Complaint indicate that the state criminal action against Mr. Vigil was dismissed in

March 2012, more than two years before he initiated this action on October 30, 2015.

Therefore, the running of the statute of limitations is obvious from the face of the

Amended Complaint.

"[W]hen a federal statute [like § 1983] is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well . . . ." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 616 (2013).  Thus, in most § 1983 actions, "a state statute of limitations and the coordinate tolling rules" are "binding rules of law." *Board of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).

The State of Colorado recognizes the doctrine of equitable tolling to suspend a statute of limitations period "when flexibility is required to accomplish the goals of justice." *Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004) (internal quotation marks omitted).  For example, equitable tolling of a statute of limitations is appropriate when "plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so." *Id.*  However, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

Mr. Vigil does not allege any facts to suggest that the applicable statute of limitations should be tolled as a matter of equity or for any other reason.

Mr. Vigil will be afforded one opportunity to file a Second Amended Complaint to state an arguable § 1983 malicious prosecution claim against the appropriate persons, and to demonstrate that his pleading is not subject to dismissal as time-barred.

### D.  Rule 8 of the Federal Rules of Civil Procedure

The Amended Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  In order for Mr. Vigil to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

It is Mr. Vigil's responsibility to present his claim or claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  The general rule that *pro se*

pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Second Amended Complaint that Mr. Vigil will be directed to file must comply with the requirements of Fed.R.Civ.P. 8.  Accordingly, it is

ORDERED that Mr. Vigil shall file, **within 30 days of the date of this Order**, a Second Amended Complaint, on the court-approved Complaint form, that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  Alternatively, Plaintiff may obtain a copy of the form at the District Court Clerk's Office, 901 19th Street, Denver, Colorado.  It is

FURTHER ORDERED that, if Plaintiff fails to file a Second Amended Complaint that complies with this order within the time allowed, the Court will dismiss this action without further notice for the reasons discussed above.  It is

DATED November 27, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge