IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02421-GPG

PAUL R. VIGIL,

    Plaintiff,

v.

PAUL TAURIELLO, Director of the Colorado Division of Worker's Compensation,
LAWRENCE BARTON GOLDMAN, M.D. Rehabilitation Associated of Colorado, P.C.,
    and in His Individual Capacity,
BILL DUNN, Sr. JE Dunn Construction Company and in His Individual Capacity,
PHIL KALIN, as President and CEO of Pinnacol Insurance, and in His Individual
    Capacity,
ALEXANDRA E. COLEMAN, Esq. of Ruegsegger Simmons Smith & Stern, LLC, and in
    Her Individual Capacity,

    Defendants.

---

## ORDER OF DISMISSAL

---

    Plaintiff, Paul R. Vigil, resides in Denver, Colorado. Mr. Vigil initiated this action by filing, *pro se*, a Complaint (ECF No. 1). He filed an Amended Complaint upon his own initiative on November 9, 2015 (ECF No. 10).

    On November 27, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Amended Complaint and determined that it was deficient because Plaintiff's claims challenging the decision in his state worker's compensation proceeding are barred by the *Rooker-Feldman* doctrine; Plaintiff failed to state arguable claims for relief under Title I of the ADA and under 42 U.S.C. § 1983 for malicious prosecution; and, the Amended Complaint failed to comply with the pleading requirements of Fed. R. Civ. P. 8. (ECF No. 15). Consequently, Magistrate Judge Gallagher directed Mr. Vigil to file a Second Amended Complaint, within 30 days of the November 27 Order. (*Id.*).

1

Mr. Vigil filed a Second Amended Complaint on December 21, 2015.  (ECF No. 18).

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court construes the Second Amended Complaint liberally because Mr. Vigil is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.   For the reasons discussed below, this action will be dismissed.

## I.  The Second Amended Complaint

The Second Amended Complaint does nothing to clarify the factual allegations of the Amended Complaint and again relies largely on exhibits attached to the pleading. The Court discerns the following facts from Mr. Vigil's pleadings.  Plaintiff was injured at his job on October 11, 2008 while performing work-related duties and was hospitalized for several weeks.  He filed a claim for worker's compensation benefits.  A worker's compensation hearing was held before an administrative law judge (ALJ) on September 25, 2013.  (ECF No. 18 at 8).  Plaintiff asserts that the Defendants conspired to violate his due process rights by submitting fraudulent documents in his worker's compensation hearing, including the worker injury report written by Defendant Lawrence Barton

Goldman, M.D., as well written statements made by Defendant Alexandra Coleman, and representatives of Pinnacol Assurance and J.D. Dunn Construction Company. In a February 11, 2014 decision, the ALJ concluded that Plaintiff "failed to overcome the Division IME's opinion." (ECF No. 10 at 38). The Industrial Claim Appeals Office upheld the ALJ's order on May 28, 2014, as did the Colorado Court of Appeals on March 16, 2015. (*Id.*). Plaintiff thereafter filed a petition for writ of certiorari with the Colorado Supreme Court, which was denied in October 2015. (*Id.* at 38-39; *see also id.* at 43).

Mr. Vigil contends in the Second Amended Complaint that the decision in the state worker's compensation decision proceeding to deny benefits violated his due process rights (ECF No. 18 at 5). He also makes a conclusory assertion that the Defendants violated his rights under Titles I and II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ §§ 12101-12213, 12132. (*Id.* at 8-9). Finally, Mr. Vigil complains that during the course of his worker's compensation proceeding, a state criminal prosecution was initiated against him for fraud and was ultimately dismissed with prejudice. (*Id.* at 10). Plaintiff seeks monetary and injunctive relief.

**II. Analysis**

    **A. Subject Matter Jurisdiction**

The issue of subject matter jurisdiction may be raised *sua sponte* by the court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield*, 389 F.3d at 1148. Furthermore, the *Rooker-*

4

*Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). In addition, the *Rooker–Feldman* doctrine applies to claims brought pursuant to 42 U.S.C. § 1983 that allege injury due to a state administrative ruling that has been upheld by a state court. *See Pretlow v. McPherson*, No. 12-6122, 497 F. App'x 846, 847-48 (10th Cir. Sept. 27, 2012) (unpublished).

Mr. Vigil asserts that the ALJ's decision in his state worker's compensation proceeding was erroneous, contrary to law, and a violation of his federal due process rights. For Plaintiff to prevail on his claims, this Court would have to review, and ultimately reject, the ALJ's decision. The ALJ's decision is final under Colorado law because it has been upheld by the state appellate courts and the Colorado Supreme Court has denied Mr. Vigil's petition for certiorari review. The Court finds that Plaintiff's claims challenging a final order issued in a Colorado worker's compensation proceeding are subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005); *see also Kemper v. Indust. Claim Appeals Office of Co.*, No. 03-1326, 83 F. App'x 290 (10th Cir. Dec. 12, 2003) (unpublished) (applying *Rooker-Feldman* doctrine to complaint seeking review of state worker's compensation order).

The Court also lacks jurisdiction over Mr. Vigil's claim that the Defendants have violated Title II of the ADA by denying him worker's compensation benefits because the claim is an improper attempt to make an end run around the *Rooker-Feldman* doctrine.

Accordingly, all claims challenging the decision in Mr. Vigil's state worker's compensation proceeding to deny benefits will be dismissed for lack of subject matter jurisdiction.

**B. Claim under Title I of the ADA**

Mr. Vigil was warned in the November 27 Order that to the extent he is attempting to assert a claim under Title I of the ADA, he must name his employer, J.E. Dunn Construction Company, as a Defendant, because private individuals are not liable under the ADA. *See Butler v. City of Prairie Village,* 172 F.3d 736, 744 (10th Cir. 1999); 42 U.S.C. § 12111(2) (defining "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee"). However, the Second Amended Complaint does not name the employer as a Defendant and Mr. Vigil has otherwise failed to allege any specific facts to show that he was discriminated against at work because of a disability. *See Mason v. Avaya Comm'ns, Inc.,* 357 F.3d 1114, 1118 (10th Cir. 2004) (outlining elements of Title I ADA claim).

Further, Mr. Vigil does not allege that he has filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), s*ee Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007), or that he has received a notice of right to sue letter from the EEOC. A claimant has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC. *See* 42 U.S.C. § 12117(a); *see also* 42 U.S.C. § 2000e-5(f)(1) (same).

Accordingly, the Title I ADA claim will be dismissed.

**C. Malicious Prosecution Claim**

Mr. Vigil also complains about a criminal worker's compensation fraud case that was initiated against him in the District Court for the City and County of Denver, based on information provided from an agent of Pinnacol Insurance. (ECF No. 18 at 66-67). The exhibits to the Second Amended Complaint reflect that the criminal case was dismissed by the court in March 2012, upon the prosecutor's motion. (*Id.* at 68). The

Court construes Plaintiff's allegations liberally as asserting a § 1983 malicious prosecution claim.

Mr. Vigil was warned in the November 27 Order that private conduct is not actionable under § 1983 unless it is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). While state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id*. (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). A § 1983 plaintiff must allege more than conclusory allegations of a conspiracy between state actors and private defendants. *See Beedle v. Wilson,* 422 F.3d 1059, 1073 (10th Cir. 2005) (holding conclusory allegation of conspiracy with state actors insufficient to extend § 1983 liability to private defendant); *Hunt v. Bennett,* 17 F.3d 1263, 1268 (10th Cir.1994) (same).

Mr. Vigil does not allege any facts in the Second Amended Complaint to show, nor do the exhibits tend to demonstrate, that any of the named private individual Defendants (Defendants Barton, Dunn, Kalin or Coleman) acted jointly with one or more state actors to maliciously cause the state criminal prosecution.

Furthermore, Plaintiff does not allege any specific facts in the Second Amended Complaint to show that Defendant Paul Tauriello, in his individual capacity as the Director of the Colorado Division of Worker's Compensation, was personally involved in Plaintiff's state criminal prosecution. Mr. Vigil was warned in the November 27 Order

that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations and quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that a supervisor can only be held liable for his or her own deliberate intentional acts).

And, finally, to the extent Mr. Vigil sues Defendant Tauriello in his official capacity, which is construed as a claim against the State of Colorado, the § 1983 claim for damages is barred by the Eleventh Amendment. *See generally Kentucky v. Graham*, 473 U.S. 159, 167-70 (1985); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (recognizing that the Eleventh Amendment precludes official-capacity suits for damages against state officials). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Eleventh Amendment prohibits suit against a state entity, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003). Although an official capacity claim against a state official for prospective injunctive relief is not barred by the Eleventh Amendment, *see Ex Parte Young*, 209 U.S. 123 (1908), the relief Mr. Vigil seeks is "an injunction against the discriminatory behavior," (ECF No. 18 at 25), which does not relate to the malicious prosecution claim, but rather appears to run afoul of the *Rooker*-Feldman doctrine.

### III. Orders

For the reasons discussed above, it is

ORDERED that all claims in the Second Amended Complaint that seek to have this court undo the final decision in Mr. Vigil's state worker's compensation proceeding are DISMISSED WITHOUT PREJUDICE under the *Rooker-Feldman* doctrine. It is

FURTHER ORDERED that the Title I ADA claim is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that the § 1983 malicious prosecution claim is DISMISSED as legally frivolous. It is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over any pendant state law claims. It is

FURTHER ORDERED that all pending motions are DENIED AS MOOT. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED.

Dated January 12, 2016, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court